﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191031-41328
DATE: November 30, 2020

ORDER

An effective date earlier than October 17, 2018 for the award of service connection for tinnitus is denied.

An effective date earlier than October 17, 2018 for the award of service connection for bilateral hearing loss is denied.

FINDINGS OF FACT

1. In September 2002 and January 2014 rating decisions, the Regional Office (RO) denied the Veteran’s claim for service connection for tinnitus, and determined that new and material evidence had not been received to reopen a previously denied claim for service connection for bilateral hearing loss, respectively; the Veteran did not timely appeal either rating action, and new and material evidence was not received as to these issues during the one-year appeal period following notice of the September 2002 and January 2014 rating decisions. 

2. No communication was received from the Veteran between the issuance of the September 2002 and January 2014 rating decisions and October 17, 2018, that may be construed as a formal or informal claim to reopen the previously denied claims for service connection for tinnitus and bilateral hearing loss disability. 

3. The Veteran’s petition to reopen the previously denied claims for service connection for tinnitus and bilateral hearing loss was received by VA on October 17, 2018.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to October 17, 2018, for the grant of service connection for tinnitus have not been met. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103.

2. The criteria for an effective date prior to October 17, 2018, for the grant of service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from August 1968 to March 1970.

In a January 2019 rating decision, the RO granted service connection for tinnitus and bilateral hearing loss; 10 percent and noncompensable disability ratings were assigned, effective October 17, 2018. In October 2019, the Veteran submitted a VA Form 10182 Decision Review Request form opting into the Appeals Modernization Act (AMA) and selecting the Direct Review lane. As explained in the VA Form 10182, “direct review” means that the Board’s decision must be based upon the evidence of record at the time of the prior decision, with no evidence submission or hearing request. As such, the Board has considered only the evidence of record at the time of the January 2019 decision.

The Veteran seeks entitlement an effective date earlier than October 17, 2018 for the grant of service connection for tinnitus and bilateral hearing loss disability. He asserts that an effective date of June 21, 1989, the date VA received the Veteran’s original claim for compensation benefits, should be the award for service connection for hearing loss and tinnitus. See VA Form 21-4138, Statement in Support of Claim, received by VA in January 2019. 

The effective date for a grant of service connection is the day following the date of separation from active service or the date entitlement arose, if the claim is received within one year after separation from service. Otherwise, the effective date is the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a), (b); 38 C.F.R. § 3.400 (b). The effective date of service connection based on a reopened claim is the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400 (r).

Regulations that were in effect prior to March 24, 2015, required that an informal claim “must identify the benefit sought.” See 38 C.F.R. §§ 3.155, 3.160 (2014). The regulations also provided that a claim may be either a formal or informal written communication “requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit.” 38 C.F.R. § 3.1 (p) (2014). The regulations in effect since March 24, 2015 no longer allow for informal claims that are not submitted on an application form prescribed by the Secretary. See 38 C.F.R. §§ 3.155, 3.160 (2015). The Veteran’s appeal was received in October 2018; thus, the former regulations do not apply to the current claims. 

The undisputed facts in this case show the Veteran submitted an original claim for entitlement to service connection for bilateral hearing loss in June 1999. See VA Form 21-526, Veteran’s Application for Compensation or Pension, received in June 1999. In an October 1999 rating action, the Agency of Original Jurisdiction (AOJ) denied service connection for bilateral hearing loss. The AOJ notified the Veteran of the decision in a letter dated in November 1999. The Veteran did not submit a timely notice of disagreement as to the issue, and new and material evidence as to the issue was not received within the one-year appeal period following notice of the decision. As such, the Veteran did not timely appeal the October 1999 rating decision. Thus, the AOJ’s denial of service connection for bilateral hearing loss became final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. In a February 2002 rating action, the AOJ denied service connection for left ear hearing loss. The Veteran was notified of the decision in a letter dated that same month. The Veteran did not submit a timely notice of disagreement as to the issue, and new and material evidence as to the issue was not received within the one-year appeal period following notice of the decision. As such, the Veteran did not timely appeal the February 2002 rating decision. Thus, the denial of entitlement to service connection for left ear hearing loss is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. 

In March 2002, the Veteran sought to reopen his claim for service connection for bilateral hearing loss. See Veteran’s representative’s March 2002 statement to VA. In a September 2002 rating action, the AOJ declined to reopen the previously denied claims for left and right ear hearing loss disabilities. The AOJ also denied service connection for tinnitus. The Veteran was informed of the AOJ’s action in a letter issued that same month. The Veteran did not submit a timely notice of disagreement as to these issues, and new and material evidence as to the issues was not received within the one-year appeal period following notice of the decision. As such, the Veteran did not timely appeal September 2002 rating decision’s denial of service connection for bilateral hearing loss and tinnitus and it is final. 

In March 2013, the Veteran submitted his petition to reopen the claim for service connection for bilateral hearing loss. See VA Form 21-526, Veteran’s Application for Compensation or Pension, received in March 2013. In a January 2014 rating action, the AOJ declined to reopen the previously denied claims for left and right ear hearing loss disabilities. The Veteran was informed of the AOJ’s action in a letter issued that same month. The Veteran did not submit a timely notice of disagreement as to these issue, and new and material evidence as to the issues was not received within the one-year appeal period following notice of the decision. As such, the Veteran did not timely appeal January 2014 rating decision’s denial of entitlement to service connection for bilateral hearing loss and it is final. 

In October 2018, the Veteran submitted his petition to reopen the claims for service connection for bilateral hearing loss and tinnitus. See VA Form 21-526b, Veteran’s Application for Compensation or Pension, received in October 2018. In the appealed January 2019 rating acton, the AOJ granted service connection for tinnitus and bilateral hearing, noncompensable and 10 percent ratings were assigned, respectively, effective October 17, 2018. 

As noted above, in the case of a reopened claim for service connection, the effective date for the grant of service connection will be the date of receipt of the petition to reopen or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400 (r). 

Here, the Veteran’s petition to reopen his previously denied claims for service connection for tinnitus and bilateral hearing loss was not received until October 17, 2018, which was many years after the final rating actions in 2002 and 2014, wherein the RO denied service connection for tinnitus and declined to reopen the previously denied claim for bilateral hearing loss, respectively. Under the relevant regulations, the Veteran is not entitled to an effective date prior to October 17, 2018, the date of receipt of the petition to reopen the previously denied claims for tinnitus and bilateral hearing loss.

To the extent that the Veteran and his representative assert that the Veteran is entitled to an effective date based on his earlier claim for service connection, the Board reiterates that the earlier claims were denied in the final September 2002 (tinnitus) and January 2014 (bilateral hearing loss) rating decisions. 

In this case, there has been no adjudicatory finding, or even allegation, of clear and unmistakable evidence (CUE) in either the final September 2002 or January 2014 final rating actions. Consequently, the Board concludes that the earlier claims may not serve as a basis for an earlier effective date for either claim. The Board’s finding in this regard does not prejudice any future adjudication of a claim for CUE in these rating decisions.

The Board acknowledges the Veteran’s assertion that an effective date of June 21, 1989, the date VA received the Veteran’s original claim for compensation, should be the award for service connection for hearing loss and tinnitus. See VA Form 21-4138, Statement in Support of Claim, received by VA in January 2019. The Board emphasizes and the law is clear that the September 2002 and January 2014 rating actions, wherein the RO denied service connection for tinnitus, and declined to reopen previously denied claim for service connection for bilateral hearing loss are final. 

The Veteran’s petition to reopen the finally denied claim for service connection for these disabilities was received on October 17, 208. There is no communication from the Veteran between the issuance of the final September 2002 and January 2014 rating decisions and the October 17, 2018 petition to reopen the previously denied claims. Therefore, October 17, 2018, the date VA received the Veteran’s petition to reopen the previously denied claims, is the appropriate effective date. 38 C.F.R. § 3.400 (r). Accordingly, the Board finds that the preponderance of the evidence is against the assignment of an effective date earlier than October 17, 2018 for the grants of service connection for tinnitus and bilateral hearing loss. Unfortunately, as there can be no valid freestanding claim for an earlier effective date, the Veteran’s appeal must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 429-30 (1994).

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Carole Kammel, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.